# IN THE COURT OF APPEALS OF IOWA

No. 19-1828
Filed January 23, 2020

**IN THE INTEREST OF K.F.,**
**Minor Child,**

**B.F., Father,**
　　Appellant.

_____

Appeal from the Iowa District Court for Warren County, Brendan Greiner, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Yvonne C. Naanep, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Kathryn M. Miller, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

On February 11, 2019, the father tested positive for methamphetamine when drug testing for his probation officer. The weekend before, the father had been caring for his son, K.F., born in December 2017. The father consented to removal. K.F. was placed in the care of his mother, where he remains today. The district court terminated the father's rights. Now he appeals.

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

The father first challenges the statutory grounds. The juvenile court found grounds for termination under Iowa Code section 232.116(1)(h) and (*l*) (2019). When, as here, the juvenile court terminates on multiple statutory grounds, we may affirm on any ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus our attention on section 232.116(1)(h). Section 232.116(1)(h) authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father makes an overarching argument that there was insufficient evidence that he had a substance-abuse disorder, he was unwilling to respond to services, or additional time would not correct the situation. None of these arguments demonstrate the State failed to prove the elements of section 232.116(1)(h). Also, the father appears to concede K.F. could not be returned to him at the time of the termination hearing. *See D.W.*, 791 N.W.2d at 707 (providing "at the present time" means "at the time of the termination hearing"). At the hearing, the father only requested permanency options and additional time. So we find grounds were proven under section 232.116(1)(h).

Next, the father contends termination is not in K.F.'s best interest. We have considered this argument under both Iowa Code subsections 232.116(2) and (3)(c). And we disagree with the father's contention.

The father insists termination is unnecessary because K.F. is placed in the mother's care. But "we reject the contention that termination of parental rights must be a both-or-neither proposition to serve [the child]'s best interests." *In re J.D.*, No. 11-0707, 2011 WL 4378213, at *6 (Iowa Ct. App. Sept. 21, 2011); *see also In re R.W.*, No. 18-1409, 2019 WL 719049, at *1 (Iowa Ct. App. Feb. 20, 2019) (declining to impose a higher burden of proof under the best-interest analysis when only one parent's rights are terminated).

Still, we have carefully considered whether termination of only the father's parental rights is in K.F.'s best interest. Removal came about because of the father's drug abuse. Since then, the father admits he has only been to substance-

abuse counseling twice. And he has provided no evidence on his progress. He tested positive for amphetamine and methamphetamine in June 2019. And he testified that he last used illegal substances in July 2019. In short, the father has yet to adequately address his relationship with methamphetamine. This weighs in favor of a finding that termination is in K.F.'s best interest. *See, e.g.*, *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."); *In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) (noting the dangerous environment created when a parent uses methamphetamine); *In re A.G.*, No. 18-1161, 2018 WL 6131920, at *3 (Iowa Ct. App. Nov. 21, 2018) (finding termination is in the best interest of a child when the parent has "refused to acknowledge or address the concerns giving rise to removal").

The father also has a history of serious mental-health concerns, including at least one suicide attempt. While the father contends he is receiving treatment, he has provided no evidence in support. This also weighs in favor of termination. *See In re D.H.*, No. 18-1552, 2019 WL 156668, at *2 (Iowa Ct. App. Jan. 9, 2019) (collecting cases for when mental-health issues supported termination of parental rights).

We have also considered the domestic-violence issues between the father and mother. According to the mother, these issues began before K.F. was born and have continued since. The father has had three domestic-assault charges, and all involved the mother. And the Iowa Department of Human Services notes there is a video depicting a physical altercation between the two parents when K.F. was present.

Record evidence does not suggest the father has meaningfully addressed his domestic-abuse issues. Instead, at the hearing, he minimized the issue by noting two of the domestic-assault charges were dropped and that he never "physically assaulted" the mother. We are not reassured. Instead, we believe the father's unaddressed domestic-violence issues support the conclusion that termination is in K.F.'s best interest. *See In re M.B.*, No. 13-1087, 2013 WL 5276366, at *2 (Iowa Ct. App. Sept. 18, 2013) (finding termination was in the children's best interests because the parent was "unable to recognize the risk [the parent] placed [the] children in by subjecting them to domestic abuse in the home" and the needs of the children were best served in "a stable and safe environment").

Finally, we acknowledge there is a limited bond between K.F. and the father. For the reasons discussed above, however, we conclude termination is in K.F.'s best interest. *See, e.g.*, *In re O.H.*, No. 16-2127, 2017 WL 1104910, at *3 (Iowa Ct. App. Mar. 22, 2017) (finding termination was in the child's best interest because the parent was could not provide "a safe, stable environment, free from the specter of domestic violence and substance abuse"). The father's limited bond with the child does not support a different conclusion. *See* Iowa Code § 232.116(3)(c) (providing a court may set aside termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"); *D.W.*, 791 N.W.2d at 709 ("[O]ur consideration must center on whether the child will be disadvantaged by

termination, and whether the disadvantage overcomes [the parent]'s inability to provide for [the child]'s developing needs.").

The juvenile court was correct in terminating the father's parental rights.

**AFFIRMED.**